COOK (FORBUSH v.). See Case No. 4,931.

COOK (FRY v.). See Case No. 5,138.

COOK (GARDNER v.). See Case No. 5,226.

COOK (GIBSON v.). See Case No. 5,393.

## Case No. 3,156a.

### COOK v. GRAY.

[Hempst. 84.][2]

Superior Court, D. Arkansas. Nov., 1829.

RECORD ON APPEAL — PROMISSORY NOTES — DAYS OF GRACE—CONSIDERATION.

1. A note sued on is not part of the record, unless produced on oyer.

2. Days of grace are not allowed on promissory notes.

3. The case of Fisher v. Reider [Case No. 4,822a] cited and approved.

4. A note imports a consideration.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel H. Hempstead, Esq.]

Appeal from Pulaski circuit court.

[At law. Action by Sampson Gray against John Cook on a promissory note. There was a judgment for plaintiff, and defendant appeals.]

Before JOHNSON, TRIMBLE, ESKRIDGE, and BATES, Judges.

OPINION OF THE COURT. The first assignment of error is that "the action of debt will not lie in this case." In answer to this, it will be sufficient to say that the statute gives to the assignee the same remedy that the original holder had. The second objection is, "the declaration is not sufficient." The declaration is sufficient. (3) "The whole sum is not due for which judgment was rendered." The averments in the declaration are sufficient to charge the defendant, and warrant a judgment for the debt and interest. (4) "The instrument declared on is not a promissory note, as described in the declaration; and the court erred in rendering judgment on a different instrument than the one declared on." It does not appear that the court rendered judgment on any instrument in writing other than the one set forth in the declaration. The production of it did not make it a part of the record, unless it was produced on oyer. (5) "The computation of interest was from a wrong time; three days of grace ought to be allowed." This court has before decided that the days of grace allowed on mercantile paper do not attach to promissory notes. (6) "The judgment is not sufficient, or such as the law requires in such cases." This objection is answered by the opinion in the case of Fisher v. Reider [Case No. 4,822a]. (7) "The whole proceedings are erroneous, prout patet per recordum." The whole proceedings, except the defendant's plea, are regular, prout patet per recordum." (8) "The contract is a nudum pactum, and shown to be so in the declaration, and therefore no judgment could be entered." The promissory note, as set out in the declaration, is not a nudum pactum. It is averred to be for "value received;" but even if it did not, our statute makes it unnecessary to show that a note is made on a good consideration. On its face it imports a consideration. Judgment affirmed.